UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD LINHARES<br><br>　　　　Plaintiff,<br><br>v.<br><br>WOODS HOLE, MARTHA'S VINEYARD, AND NANTUCKET STEAMSHIP AUTHORITY,<br><br>　　　　Defendant. | Case No.: |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Now comes the Plaintiff Ronald Linhares in the above-captioned matter and for his Complaint states:

## PARTIES

1. Plaintiff Ronald Linhares (hereinafter referred to as "Plaintiff") is an individual who resides at 71 Potter Street, Dartmouth, Bristol County, Massachusetts 02748.

2. Upon information and belief, Defendant Woods Hole, Martha's Vineyard, and Nantucket Steamship Authority (hereinafter "Defendant") was and is a governmental entity structured as an instrumentality of the Commonwealth of Massachusetts with corporate offices located at 228 Palmer Avenue, Falmouth, Barnstable County, Massachusetts 02540, and at all times hereafter referred to, owned, operated and/or controlled M/V NANTUCKET ("Vessel"), which did and continues to do business in the Commonwealth of Massachusetts.

## JURISDICTION

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1333.

4. This Court has personal jurisdiction over Defendant Woods Hole, Martha's Vineyard, and Nantucket Steamship Authority because Defendant was and is engaged in the business of commerce by providing public transportation and ferry services for and between the Islands of Martha's Vineyard, Nantucket, and mainland ports in the Commonwealth of Massachusetts.

## VENUE

5. Venue is proper pursuant to 28 U.S.C. §1391 because at all relevant times Defendant resided in this district.

## STATEMENT OF FACTS

6. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

7. On or about January 13, 2020, Plaintiff was employed by Defendant Woods Hole, Martha's Vineyard, and Nantucket Steamship Authority as a seaman and member of the crew on the M/V NANTUCKET.

8. On or about January 13, 2020, while the M/V NANTUCKET was in navigable waters and while Plaintiff was in the exercise of due care and in the performance of his duties as a seaman, Plaintiff sustained personal injuries.

9. Specifically, Plaintiff slip and fell on the stairwell and on to his knees.

10. The stairs were slippery because they were not properly constructed of and/or treated with a sufficiently maintained non-skid surface.

11. As a result of the dangerous and unseaworthy condition of the Vessel, Plaintiff suffered a right knee injury.

12. On January 15, 2020, Plaintiff went to the emergency department at Southcoast Health for pain in his right knee. Plaintiff was diagnosed with a sprain of his medial collateral ligament. Plaintiff was provided with a knee immobilizer and to follow-up with Orthopedics.

13. Plaintiff continued to seek treatment for right knee pain related to his injury on January 13, 2020.

14. Defendant has a legal duty to pay maintenance and cure to seamen for injuries sustained aboard its vessel. Defendant's insurer, Maritime Claims Associates, has paid and continues to pay maintenance and cure for treatment related to Plaintiff's right knee.

15. On or about March of 2020, Plaintiff's right knee gave way, due to the injury he suffered aboard the Vessel, and he injured his left knee as a result.

16. On or about April 16, 2020, Plaintiff's health care providers ordered a diagnostic MRI for his left knee and Kayleigh Rock Beauregard, adjuster employed by the Defendant's insurer, and Jeanne Conneely, claims examiner for International Marine Underwriters ("IMU") denied payment for the MRI, unilaterally concluding without any medical support that the left knee pain was unrelated to Plaintiff's injury on January 13, 2020 aboard the Vessel.

17. In an email to Plaintiff's health care provider, Jason Rand, PA, dated June 9, 2020, Jeanne Conneely incorrectly stated payment for medical treatment was not IMU's responsibility under the Jones Act. A copy of Jeanne Conneely's email is attached

as Exhibit A. This was a misrepresentation of IMU's obligations under the applicable maritime law and may have been a deliberate and/or intentional misrepresentation given that, upon information and belief, Jeanne Conneely is not only a claims examiner, but an attorney as well.  Indeed, the Jones Act does not govern either the M/V Nantucket or IMU's obligation to pay for related curative medical treatment.  Instead, that obligation is established by the common law principle of maintenance and cure, which requires a vessel owner's insurer to pay for any curative medical treatment without regard to negligence or fault.

18. In a letter dated May 20, 2020, Jason Rand, PA, explicitly stated Plaintiff's left knee pain was a result of his work-related injury as a crew member aboard the Defendant's Vessel – "His issues with the left knee stem from being on a ferry boat as a crew member." See PA Rand's May 20, 2020 letter attached hereto as Exhibit B.  PA Rand further stated "[s]uffice it to say that I do feel his current symptoms are a result of his work-related injury." See Ex. B.

19. Neither the Defendant nor their insurer have any support to substantiate the opinion that Plaintiff's left knee pain is unrelated to his original injury on January 13, 2020, or any other reason to refuse to honor their obligation to pay for curative medical treatments for injuries that are related to the incident that occurred aboard the Defendant's Vessel.

20. Despite PA Rand's medical opinion that the left knee injury is related to the January 13, 2020 incident, Defendant's insurer continues to refuse to pay for medical care related to and necessary to treat Plaintiff's left knee condition.

21. Plaintiff remains in pain and requires treatment for his right and left knee injuries, both of which resulted from the January 13, 2020 incident.

22. Plaintiff cannot have his left knee treated unless and until the diagnostic MRI is paid for and performed.

23. Therefore, Defendant is in direct violation of its duty to pay cure for Plaintiff's left knee until Plaintiff reaches a medical end result, or maximum medical improvement.

### COUNT I: GENERAL MARITIME LAW – MAINTENANCE AND CURE
### (RONALD LINHARES v. WOODS HOLE, MARTHA'S VINEYARD, AND NANTUCKET STEAMSHIP AUTHORITY)

24. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

25. As a result of the personal injuries described above, Plaintiff has incurred and will continue to incur expenses for his maintenance and cure.

**WHEREFORE**, Plaintiff, demands judgment against the Defendant Woods Hole, Martha's Vineyard, and Nantucket Steamship Authority in an amount sufficient to fully and fairly compensate him for cure, including but not limited to punitive and compensatory damages, costs, interests and attorneys' fees.

### COUNT II: GENERAL MARITIME LAW/JONES ACT – INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE AND CURE
### (RONALD LINHARES v. WOODS HOLE, MARTHA'S VINEYARD, AND NANTUCKET STEAMSHIP AUTHORITY)

25. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

26. As a result of the personal injuries describe above, Plaintiff has incurred and will continue to incur expenses for his maintenance and cure.

27. Plaintiff has made a demand upon Defendant for the provision of cure for his left knee.

28. Defendant has negligently, willfully, arbitrarily, and/or unreasonably failed to provide Plaintiff cure in a timely and adequate manner.

29. As a result of Defendant's failure to provide Plaintiff cure, Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of the body and anguish of his mind, lost time from his usual work and pursuits, medical and hospital expenses, attorneys' fees, and has sustained and will sustain other damages that will be shown at trial.

WHEREFORE, Plaintiff demands judgment against the Defendant Woods Hole, Martha's Vineyard, and Nantucket Steamship Authority, in an amount sufficient to fully and fairly compensate him for cure, including but not limited to punitive and compensatory damages, costs, interests and attorneys' fees.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
Plaintiff, Ronald Linhares
By his attorneys,

/s/ Michael B. Flynn
Michael B. Flynn, Esq. BBO No. 559023
mflynn@flynnwirkus.com
Revital B. Braun, Esq. BBO No. 687475
rbraun@flynnwirkus.com
FLYNN|WIRKUS|YOUNG, P.C.
400 Crown Colony Drive, Suite 601
Quincy, MA 02169
P: (617) 773-5500

6

F: (617) 773-5510

Date: November 12, 2020